NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MICHAEL L. WATTS, <br><br> Defendant - Appellant. | No. 23-695 <br><br> D.C. No. 2:16-cr-00644-PA-1 <br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MICHAEL L. WATTS, <br><br> Defendant - Appellant. | No. 23-712 <br><br> D.C. No. 2:16-cr-00645-PA-1 |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 17, 2024[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

In these consolidated appeals, Michael L. Watts appeals from the district court's judgments imposing an aggregate sentence of 96 months following the revocation of supervised release in two underlying cases. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Watts contends that the district court procedurally erred by failing to address his nonfrivolous mitigating arguments and explain its sentencing decision sufficiently, and by improperly considering the seriousness of the state convictions that formed the basis for some of his supervised release violations. Because Watts did not raise these claims below, we review for plain error. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013).

The district court did not plainly err. The record shows that the court considered Watts's mitigating arguments, but nevertheless determined that a 96-month sentence was appropriate in light of his repeated violations of the conditions of his supervised release, his failure to be deterred from criminal activity, and the danger he poses to the public. This explanation was sufficient.[1] *See United States*

---

[1] Recognizing that a district court is required to provide more explanation for an above-Guidelines sentence, the parties dispute whether the sentence imposed in the Texas case should be considered a single above-Guidelines sentence or two consecutive within-Guidelines sentences. We need not resolve this dispute because, even treating the sentence in the Texas case as above-Guidelines, the court's explanation was sufficient.

*v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). Furthermore, the record belies Watts's assertion that the court based his sentence on the seriousness of his state convictions. Rather, the record reflects that the court properly imposed the sentence to sanction Watts's significant breach of the court's trust, protect the public, and deter Watts from further crimes. *See* 18 U.S.C. § 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Finally, Watts has not shown a reasonable probability that the court would have imposed a lower sentence absent any of the alleged procedural errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Watts also asserts that the 96-month sentence is substantively unreasonable. He has not shown, however, that the district court abused its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In light of the applicable sentencing factors and the totality of the circumstances, including Watts's repeated violations of the terms of his supervision, the sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51.

**AFFIRMED.**